IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTHONY B. HORN,

        Plaintiff,

    v.

SHANNON HORN; LAURA HORN; JOHN DOES 1-10, unknown individuals; and DOES 1-10, unknown business entities,

        Defendants.

CV No. 05-1543-AS

OPINION AND ORDER

ASHMANSKAS, Magistrate Judge:

Currently before the court is plaintiff's Motion to Compel the Exchange of Initial Disclosures (docket No. 21). For the reasons that follow, plaintiff's motion is DENIED.

BACKGROUND

Plaintiff Anthony Horn's Amended Complaint seeks damages from defendants Shannon and Laura Horn (his son and daughter-in-law) for breach of partnership agreement, breach of fiduciary duty, fraud, unjust enrichment, constructive trust, and intentional interference with business relationships. These claims are based on allegations that defendants breached an

1 - OPINION AND ORDER

agreement between the parties to acquire water trucks and lease them to third parties for use in fighting forest fires.

On December 2, 2005, defendants, who are residents of Idaho, filed a Motion to Dismiss for lack of personal jurisdiction, which is currently pending. On December 6, 2005, plaintiff filed: (1) a motion to extend the deadline to file his response brief; (2) an unopposed motion to extend the discovery deadline; and (3) the present Motion to Compel the Exchange of Initial Disclosures. Plaintiff's two motions for extensions were granted. By order of December 13, 2005, the discovery deadline was extended to April 3, 2005, and plaintiff was granted until December 30, 2005, to file his response to defendants' Motion to Dismiss. Oral argument on the Motion to Dismiss was reset to February 21, 2006.

## LOCAL RULES

Plaintiff moves to compel initial disclosures pursuant to Local Rule 26.2(b), which provides:

> "If a party believes that some of all of the disclosures mentioned in Fed. R. Civ. P. 26(a)(1) would be appropriate in the circumstances of the action, and any other party or parties disagree, the party seeking disclosures shall bring the matter before the court by written motion."

The Practice Note to Local Rule 16.2, which addresses the initial discovery planning conference, states in part:

> "This rule encourages parties to continue to opt out of the Fed. R. Civ. P. 26(a)(1) initial disclosures by stipulation in most cases, in light of this court's judgment that, in most cases, dockets will move more quickly and satellite disputes will be avoided if the parties opt out."

DISCUSSION

Though not the prevailing practice in this district, plaintiff seeks to compel the exchange of initial disclosures on the grounds that: (1) the discovery is certain to take place in any event; (2) time is of the essence; (3) the discovery will be needed whether the case proceeds in this district or the District of Idaho; and (4) compelling the exchange of initial disclosures will not prejudice defendants.

Defendants contend that compelling the exchange of initial disclosures will prejudice them in light of their pending Motion to Dismiss for lack of personal jurisdiction. If their motion is granted, plaintiff will have to re-file his case in another district, which may have different discovery procedures.

Defendants also take issue with plaintiff's assertions that time is of the essence, noting that plaintiff has requested an extension of the discovery deadline and has served no discovery requests himself. Though opposing this motion, defendants do not oppose reasonable and timely discovery. Consistent with that position, defendants served a request for the production of documents and interrogatories on plaintiff on December 13, 2005.

In light of these facts, compelling the exchange of initial disclosures is not warranted on the ground that time is of the essence. Under these circumstances, including defendants' pending motion to dismiss, discovery should proceed without the burden of initial disclosures provided in Rule 26(a)(1) of the Federal Rules of Civil Procedure.

/ / /

/ / /

CONCLUSION

For these reasons, plaintiff's Motion to Compel the Exchange of Initial Disclosures is DENIED.

DATED this 3rd day of January, 2006.

                /s/Donald C. Ashmanskas
                DONALD C. ASHMANSKAS
                United States Magistrate Judge